**UNITED STATES, Appellee,**

v.

**Private First Class Edward C. SIMONSON, SSN 537–60–9453, United States Army, Appellant.**

**CM 441642.**

U. S. Army Court of Military Review.

21 Sept. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Dennis E. Brower, JAGC, and Captain Lawrence R. Hughes, Jr., JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain John L. Plotkin, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

McKAY, Judge:

The only issue presented by this case is whether the military judge erred at an "other trial", ordered pursuant to paragraph 92b, Manual for Courts-Martial, United States, 1969 (Revised edition) (hereinafter MCM), by not allowing himself to be informed of the sentence adjudged in the first court-martial. At his first trial the appellant, Simonson, was found guilty, consistent with his plea, of committing a lewd and lascivious act upon the body of a female under sixteen years of age. After the sentence, forfeiture of all pay and allowances, reduction to the grade of E–1, confinement for three years and a dishonorable

discharge, was announced, it was discovered that the court lacked jurisdiction because a quorum of qualified members was not empaneled for the sentencing portion of the trial.* The military judge declared a mistrial as to the sentence portion of the trial. Thereafter, the convening authority disapproved the sentence portion of the court-martial and ordered "a partial 'other trial' of the charges" for sentencing only before another court-martial. At the "other trial" the appellant elected trial by military judge alone, and was sentenced to a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances and reduction to the grade of Private E–1. As required by the pretrial agreement, the convening authority reduced the forfeitures to a period of 24 months but otherwise approved the sentence imposed by the military judge. The appellant now asserts the trial judge erred by refusing to allow himself to be informed of the sentence of the first court-martial, and by not considering that sentence as setting the maximum limit that he could impose. We have to agree that the military judge thus committed error.

In our review of the record of the proceedings of the "other trial", we note that the military judge explained to the appellant, and was therefore aware, that the ultimate maximum sentence that could be approved in this case was the least severe or lower of the following: (1) The sentence of the first court-martial as approved by the convening or superior authority; (2) the sentence adjudged at the "other trial"; (3) the sentence agreed to in the appellant's pretrial agreement with the convening authority. Cf., paragraph 81d, MCM. Nevertheless, the military judge stated that the maximum sentence that he could impose was that authorized for the subject offense in the Table of Maximum Punishments in paragraph 127c, Section A, MCM, i.e., confinement for 7 years, forfeiture of all pay and allowances, dishonorable discharge and reduction to the lowest enlisted grade.

The military judge's position with respect to the maximum sentence he could impose appears to be based solely upon his mistaken belief that he was prohibited from knowing the sentence adjudged at the first trial. He reached this position by making an analogy of this case to those where military judges, acting as sentencing authority, have been admonished by the Court of Military Appeals to delay inquiry into the sentence limitations of a pretrial agreement until after announcing sentence. See United States v. Green, 1 M.J. 453 (C.M.A.1976). The military judge led himself astray by relying upon his analogy. A retrial is an entirely different matter from the situation in cases like Green and is governed by different rules.

■ This Court has noted that in referring to retrials:

The Code and the Manual speak of a rehearing (Articles 63, 66d, and 67e, UCMJ; paragraphs 81 and 92a, MCM 1969 (Rev. ed.)), a new trial (Article 73, UCMJ; paragraphs 81, 109 and 110, MCM 1969 (Rev. ed.)), and an "other trial" (Paragraphs 81 and 92b, MCM 1969 (Rev. ed.)).

United States v. DuPris, 48 C.M.R. 49, 50 (A.C.M.R.1973). A comparison of the sentencing authority in the three different types of retrials reveals that they are essentially the same. For rehearings, Article 63(b), Uniform Code of Military Justice, 10 U.S.C. § 863(b) (1976), provides that "Upon a rehearing . . . no sentence in excess of or more severe than the original sentence may be imposed". (Emphasis added). Paragraph 110a, MCM, provides, "Upon a new trial . . . no sentence shall be adjudged in excess of or more severe than the legal sentence upon the previous trial . . ." (Emphasis added). The permissible punishment in an "other trial" is governed by the same sentence restrictions as those for rehearings. Paragraph 81d(2), MCM; United States v. DuPris, supra. The specific rules

---

* Articles 16 and 29, Uniform Code of Military Justice, 10 U.S.C. §§ 816 and 829 (1976), require that five members detailed by the convening authority be present before a general court-martial may proceed. After the sentence was announced in this case, it was discovered that one of the five members present had not been detailed by the convening authority.

**754**

relating to sentence at all three types of rehearing are contained in paragraph 81d(1) of the Manual, which provides that: "Offenses [thus tried] shall not be the basis for punishment in excess of or more severe than the legal sentence upon a previous hearing or trial, as ultimately reduced by the convening or other proper authority. . . ." Thus, in no court-martial in the nature of a retrial, may a sentence be imposed or adjudged that was more severe than the legal sentence as ultimately reduced by proper authority. *Cf., United States v. Craver,* 22 U.S.C.M.A. 141, 46 C.M.R. 141 (1973). That the error precipitating the retrial was jurisdictional in nature is of no consequence. Paragraph 81d(2), MCM.

 These provisions make it obvious, we believe, that the sentencing authority in a retrial must be made aware of the maximum sentence it may impose or adjudge before it retires to determine its sentence. The MCM, in fact specifically requires the military judge to advise the "court-martial" of the maximum sentence it may impose at any retrial. *See* paragraphs 81d and 110a.

Neither the MCM nor the Uniform Code of Military Justice, however, specifically provide a sentencing procedure at retrials by military judge alone. Paragraph 76e, MCM, merely provides that following receipt of presentencing matters, "the military judge, sitting alone will, after deliberation, announce the sentence . . ." We believe that the reason why there are no other rules or procedure for sentencing is simply because they are unnecessary. Sentence limitations and the rules for determining sentence at retrials where there are members are so clearly stated in paragraph 81d(1) of the MCM that there is *no other* logical procedure for a military judge sitting alone to follow, but to make himself aware of the maximum sentence he can impose or adjudge. There is no reason why a court-martial with members must be advised of the maximum sentence it can impose, but a military judge as sentencing authority be prohibited from having the same information. We hold, therefore, that

it was error for the military judge in this case to have adjudged a sentence without being aware of the maximum sentence he was authorized to impose.

Finding as we do that there was error, we must now consider whether there was prejudice. We are convinced that there was none. The sentence adjudged at the "other trial" was less severe than that imposed at the first trial and also that for which the appellant had bargained. We hold therefore that the nescience of the military judge with respect to the previous sentence did not result in the imposition of an excessive sentence, or otherwise prejudice the appellant.

The findings of guilty and the sentence are affirmed.

Senior Judge MELNICK and Judge LEWIS concur.